**UNITED STATES DISTRICT COURT FOR THE**
**Northern District of Illinois**
**Eastern Division**

| | | |
|---|---|---|
| United States of America | ) | Case No.: 1:14−cv−05617 |
| Plaintiff, | ) | Honorable Joan B. Gottschall |
| v. | ) | |
| | ) | |
| Enaam M. Arnaout | ) | AMENDED ANSWER |
| Defendant. | ) | |

### AMENDED ANSWER OF DEFENDANT ENAAM M. ARNAOUT

COMES NOW Enaam M. Arnaout, by and through his attorney Charles Swift of the Constitutional Law Center for Muslims in America (CLCMA), Thomas Durkin of the law office of Durkin & Roberts, and Khalil J. Khalil from the law office of Zarzour, Khalil & Tabbara, LLC, filing his Amended Answer, pursuant to FRCP 15(a)(1)(A), to Plaintiff's Complaint and states as follows:

### I. *JURISDICTION AND VENUE*

1.      Mr. Arnaout admits paragraph 1.

2.      Mr. Arnaout admits that an affidavit is attached to paragraph 2. With respect to the affidavit incorporated by reference, Mr. Arnaout admits and denies the allegations contained therein as follows:

a.      Mr. Arnaout admits the facts and propositions of law contained in subparagraphs IV.A.1, IV.A.2, IV.A.4 , IV A.6, IV. A.7, IV. B.1., IV. B.4, IV., and B.5. Mr. Arnaout also admits the facts and propositions of law contained in subparagraphs V.A.1., V.A.2., and paragraph VII.

b.      Mr. Arnaout denies the allegations set forth in paragraph IV and subparagraphs IV. A., IV.A.3, IV.B., IV.B.2., IV.B.6., and IV.B.7., thereto. Mr. Arnaout

1

denies the allegation in paragraph, V. and subparagraphs, V.A., V.A.4., and V.A.5, V.B., and V.C. thereto.  Mr. Arnaout denies paragraph VI.

        c.      Mr. Arnaout admits in part and denies in Paragraph III. and subparagraphs IV.A.5, IV.B.3, and V.B.4. With respect to paragraph III., Mr. Arnaout admits all facts contained within the paragraph,  except for those facts  related to the  transfer and processing of his application for naturalization.  With respect to these facts, Mr. Arnaout is without sufficient knowledge to admit or deny the methods, person which handled his application for naturalization, and/ or the reasons for its approval. With respect to subparagraphs IV.A.5., IV.B.3., and V.B.4., Mr. Arnaout admits that pursuant to his plea he was convicted of  conspiracy to commit racketeering in violation of 18 U.S.C. § 1926(d) on February 2003.  Mr. Arnaout denies that as part of his plea he admitted that the underlying conspiracy began on or about May 1993.

        d.      Mr. Arnaout lacks sufficient knowledge to admit or deny paragraphs I. and II.

3.      Mr. Arnaout admits and denies this Court's jurisdiction in part as follows:

        a.      Mr. Arnaout admits that the United States is the plaintiff.

        b.      Mr. Arnaout further admits that this Court has jurisdiction over those portions of Counts I. of the complaint, alleging illegal procurement of naturalization based on false testimony as to whether he had ever knowingly committed a crime for which he had not been arrested.

        c.      Mr. Arnaout admits that this Court has jurisdiction over the allegations in Count II.,  that he procured naturalization when he was precluded from eligibility based on lack of good moral character due to conviction for an aggravated felony.

d.    Mr. Arnaout admits that this Court has jurisdiction over the allegations contained in Count III., that he procured naturalization when he was to exhibit good moral character based on commissions of crimes of moral turpitude.

e.    Mr. Arnaout admits that this Court has jurisdiction over the allegations contained in Count V. that he procured of naturalization when he was precluded by the willful concealment of materials facts related to the alleged conspiracy to violate racketeering.

f.    Mr. Arnaout denies that this Court has jurisdiction over the allegations in Count I., that he was in ineligible for citizenship arising from the giving of false testimony concerning his employment history and association with organizations.

g.    Mr. Arnaout denies that this Court has jurisdiction over the allegations in Counts III., that he was in ineligible for citizenship due to crimes of moral turpitude in the form of false swearing and false statements (false testimony) in relationship to his answers concerning his employment history and association with organizations.

h.    Mr. Arnaout denies that this Court has jurisdiction over the allegations in Counts IV., that that he was in ineligible for citizenship due to affiliation with certain organizations.

i.    Mr. Arnaout denies that this Court has jurisdiction over the those portions of the allegations in Counts V. arising from the willful concealment of his employment history; and whether he has ever been a member of or associated with any organizations in order to obtain an immigration benefit.

4.    Mr. Arnaout admits he is a naturalized United States citizen, residing in Palos Hills, Illinois, and that venue for this action lies in the Northern District of Illinois.

## II. *FACTUAL BACKGROUND*

### IMMIGRATION HISTORY

5.      Mr. Arnaout admits paragraph 5.

6.      Mr. Arnaout admits paragraph 6.

### NATURALIZATIN PROCEEDINGS

### Application for Naturalization

7.      Mr. Arnaout admits paragraph 7.

7.a.    Mr. Arnaout admits paragraph 7.a.

7.b.    Mr. Arnaout admits paragraph 7.b.

7.c.    Mr. Arnaout  admits paragraph 7.c.

7.d.    Mr. Arnaout admits paragraph 7.d

8.      Mr. Arnaout admits paragraph 8.

### Naturalization Interview

9.      Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 9.

9.a.    Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 9.a.

9.b.    Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 9.b.

9.c.    Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 9.c.

9.d.    Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 9.d.

10.     Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 10.

11.     Mr.Arnaout is without sufficient knowledge to admit or deny paragraph 11.

12.     Mr. Arnaout admits paragraph 12.

## FALSE STATEMENTS AND TESTIMONY

### Employment

13.     Mr. Arnaout denies paragraph 13.

13.a.   Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 13.a.

13.b.   Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 13.b.

13.c.   Mr. Arnaout is without sufficient knowledge to admit or deny whether LBI provided financial support to Usama bin Laden and Gulbuddin Hekmatyer. Mr. Arnauot admits that the United States Department of the Treasury designated Hekmatyer as a Specially Designated Terrorist Group on February 18, 2003. Mr Arnaout is without sufficient knowledge to admit or deny that Bin Laden was the founder of al-Qa'ida and responsible for the September 11, 2001, attacks on the United States.

 13.d.  Mr. Arnaout admits paragraph 13.d.

14.     Mr. Arnaout denies paragraph 14.

### Membership and Organizations

15.     Mr. Arnaout admits in that he was an acquaintance of Usam bin Laden from 1986 until the beginning of 1989 and an acquaintance of Gulbuddin Hekmatyer. Mr. Arnaout denies that he provided direct support to various groups claiming to fight the Soviet Union in Afghanistan.  Mr. Arnaout denies that he associated with either bin Laden and Hekmatyer within the meaning of 8 U.S.C. § 1101(e).

16.     Mr. Arnaout denies paragraph 16.

### False Testimony

17.     Mr. Arnaout denies paragraph 17.

**Prior Crimes**

18.     Mr. Arnaout denies paragraph 18.

18.a.     Mr. Arnaout admits paragraph 18.a.

18.b.     Mr. Arnaout admits that he pled guilty to a single count of conspiracy to commit racketeering and corrupt organizations under 18 U.S.C. § 1692(d). Mr. Arnaout denies that as part of this plea he admitted to entering into or participating in the underlying conspiracy in May of 1993.

18.c.     Mr. Arnaout admits paragraph 18.c.

19.     Mr. Arnaout denies paragraph 19.

20.     Mr. Arnaout denies paragraph 20.

## EMPLOYMENT AND AFFILIATION
## WITH THE BENEVOLENCE INTERNATIONAL FOUNDATION

21.     Mr. Arnaout denies paragraph 21, except admits that he was associated with an Illinois organization and/or entity called Benevolence International Foundation, Inc. ("BIF" of Illinois) commencing in or around May 1993 until in or around May 2002.

21.a.     Mr. Arnaout denies paragraph 21a., except admits that he participated in the operations of BIF of Illinois from in or around May 1993 until in or around May 2002.

21.b.     Mr. Arnaout admits paragraph 21.b.

21.c.     Mr. Arnaout admits paragraph 21.c.

21.d.     Mr. Arnaout admits paragraph 21.d.

21.e.     Mr. Arnaout denies paragraph 21.e.

21.f.     Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 21.f.

21.g.     Mr. Arnaout is without sufficient knowledge to admit or deny paragraph 21.g.

21.h.    Mr. Arnaout admits the Department of the Treasury designated BIF as financiers of terrorism under Executive Order 13224 .  Mr. Arnaout is without sufficient knowledge to admit or deny regarding whether Treasury designation noted evidence of his alleged relationship with bin Laden or his alleged work with other persons, including members of al-Qa'ida, to purchase weapons and or to distribute weapons to various Mujahedeen camps.  Mr.  Arnaout denies the facts of these allegations.

21.i.    Mr.  Arnaout is without sufficient information to admit or deny paragraph 21i.

21.j.    Mr. Arnaout admits paragraph 21j.

### III.  THE RELEVANT LAW

22.    Mr. Arnaout denies paragraph 22.

### COUNT I

### ILLEGAL PROCURMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (FALSE TESTIMONY)

23.    Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 22.

24.    Mr. Arnaout denies paragraph 24.

25.    Mr. Arnaout admits paragraph 25.

26.    Mr. Arnaout admits paragraph 26.

27.    Mr.  Arnaout is without sufficient information to admit or deny paragraph 27.

28.    Mr.  Arnaout is without sufficient information to admit or deny paragraph 28.

29.    Mr. Arnaout denies paragraph 29 and reincorporates his admission and denials with respect to paragraphs 13 through 19.

30.    Mr. Arnaout denies paragraph 30.

31.     Mr. Arnaout denies paragraph 31.

## DEFENSES

### FIRST DEFENSE

That this Court is without Subject Matter Jurisdiction over portions of Count I.

### SECOND DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of their actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

### THIRD DEFENSE

That the Plaintiff is barred from asserting Count I., by virtue of *res judicata*, based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to the conspiracy to commit racketeering charges.

## COUNT II

### ILLEGAL PROCUREMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (CONVICTION OF AN AGGRAVATED FELONY)

32.     Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 22.

33.     Mr. Arnaout denies paragraph 33.

34.     Mr. Arnaout admits paragraph 34.

35.     Mr. Arnaout admits paragraph 35.

36.     Mr. Arnaout admits paragraph 36.

37.     Mr. Arnaout admits paragraph 37.

38.     Mr.  Arnaout denies paragraph 38.

39.     Mr.  Arnaout denies paragraph 39.

## DEFENSES

### FIRST DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of their actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

## COUNT III

### ILLEGAL PROCUREMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (CRIMES INVOLVING MORAL TURPITUDE)

40.     Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 22.

41.     Mr. Arnaout denies paragraph 41.

42.     Mr. Arnaout admits that as an applicant for naturalization he was required to demonstrate that he was a person of good moral character from April 8, 1988 until March 10, 1994.

43.     Mr. Arnaout admits paragraph 43.

44.     Mr. Arnaout denies paragraph 44.

44.a.     Mr. Arnaout admits to his plea and conviction of conspiracy to commit racketeering, which involved acts indictable under 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud).  Mr. Arnaout denies that the underlying criminal conduct alleged therein occurred during the statutory period wherein he was required to show good character.

44.b.     Mr. Arnaout denies paragraph 44.b.

44.c.     Mr. Arnaout denies paragraph 44.c.

45.     Mr. Arnaout denies paragraph 45.

46.     Mr. Arnaout denies paragraph 46.

47.     Mr. Arnaout denies paragraph 47.

9

## DEFENSES

### FIRST DEFENSE

That this Court is without Subject Matter Jurisdiction over portions of Count III.

### SECOND DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of their actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

### THIRD DEFENSE

That the Plaintiff is barred from asserting Count III., by virtue of *res judicata,* based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to the conspiracy to commit racketeering charges.

## COUNT IV

### ILLEGAL PROCUREMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (AFFILILATION WITH CERTAIN ORGANIZATIONS)

48.   Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 22.

49.   Mr. Arnaout admits paragraph 49.

50.   Mr. Arnaout admits paragraph 50.

51.   Mr. Arnaout denies paragraph 51.

52.   Mr. Arnaout admits that he directed BIF United States from May of 1993 to May of 2003.

53.   Mr. Arnaout denies paragraph 52.

54.   Mr. Arnaout denies paragraph 52.

## DEFENSES

### FIRST DEFENSE

That this Court is without Subject Matter Jurisdiction over portions of Count IV.

### SECOND DEFENSE

That the Plaintiff fails to state a cause of action against Mr. Arnout in which relief of any kind can be granted with respect to Count IV.

### THIRD DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of their actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

### FOURTH DEFENSE

That the Plaintiff is barred from asserting Count IV., by virtue of *res judicata*, based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to the conspiracy to commit racketeering charges.

## COUNT V

### PROCURMENT OF UNITED SATES CITIZENSHIP BY CONCEALMENT OF A MATERIAL FACT OR WILLFUL MISREPRESENTATION

55.     Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 22.

56.     Mr. Arnaout denies paragraph 56.

57.     Mr. Arnaout denies paragraph 57.

58.     Mr. Arnaout admits paragraph 58.

59.     Mr. Arnaout  is without sufficient information to admit or deny paragraph 59.

60.     Mr. Arnaout denies paragraph 60.

61.     Mr. Arnaout is without sufficient information to admit or deny paragraph 61.

62.     Mr. Arnaout denies paragraph 62.

11

63.      Mr. Arnaout denies paragraph 63.

64.      Mr. Arnaout denies paragraph 64.

## DEFENSES

### FIRST DEFENSE

That this Court is without Subject Matter Jurisdiction over portions of Count V.

### SECOND DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of their actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

### THIRD DEFENSE

That the Plaintiff is barred from asserting Count V., by virtue of *res judicata*, based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to the conspiracy to commit racketeering charges.

WHEREFORE, Defendant Enaam Arnaout prays that this matter should be dismissed and that Plaintiffs be ordered to pay the costs and attorney fees of Mr. Arnaout in this action.

DATED this 10th day of December, 2014.

/s/ *Charles D. Swift*
Charles D. Swift
*Pro Hac* Counsel for Enaam Arnaout
WA State Bar No. 41671
833 – E. Arapaho Rd., Suite 102
Richardson, TX  75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org

Thomas Anthony Durkin
Counsel for Enaam Arnaout
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614

Tel: 312-981-0123
Fax: 312-913-9235
tdurkin@durkinroberts.com

Khalil J. Khalil
Counsel for Enaam Arnaout
ID No. 6281904
70 East Lake Street
Suite 1220
Chicago, IL 60601
T: 312-356-3200
F: 312-356-3222
Khalil@zktlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of this foregoing Amended Answer was electronically filed and served on the persons listed below:

Christopher W. Dempsey
Assistant United States Attorney

Anthony D. Bianco
Assistant United States Attorney

DATED this 10th day of December, 2014.

/s/ Charles D. Swift
Charles D. Swift
*Pro Hac* Counsel for Enaam Arnaout
WA State Bar No. 41671
833 – E. Arapaho Rd., Suite 102
Richardson, TX  75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org

14