# UNITED STATES DISTRICT COURT FOR THE
## Northern District of Illinois
### Eastern Division

| | | |
|---|---|---|
| United States of America | ) | Case No.: 1:14−cv−05617 |
| Plaintiff, | ) | Honorable Joan B. Gottschall |
| v. | ) | |
| | ) | |
| Enaam M. Arnaout | ) | ANSWER TO PLAINTIFF'S |
| Defendant. | ) | FIRST AMENDED COMPLAINT |

## ANSWER OF DEFENDANT ENAAM M. ARNAOUT
## TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Enaam M. Arnaout ("Defendant" or "Mr. Arnaout"), by and through his attorneys Charles Swift of the Constitutional Law Center for Muslims in America (CLCMA), Thomas Durkin of the law office of Durkin & Roberts, and Khalil J. Khalil from the law office of Zarzour, Khalil & Tabbara, LLC, and files this his Answer, pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), to Plaintiff's First Amended Complaint, and states as follows:

## I. JURISDICTION AND VENUE

1.      Mr. Arnaout admits the statements contained in paragraph 1.

2.      Mr. Arnaout denies the allegations contained in the Affidavit attached as Exhibit 1 to Plaintiff's Amended Complaint. Specifically, Mr. Arnaout states as follows:

   a.  Mr. Arnaout is without knowledge to admit or deny the statements in Part I of Exhibit 1.

   b.  Mr. Arnaout is without knowledge to admit or deny the statements in Part II of Exhibit 1.

1

c.  Mr. Arnaout admits the factual recitations set forth within Part III of Exhibit 1, to the extent they pertain to his Application for Naturalization and the date he received his citizenship.

d.  Mr. Arnaout admits that he entered into a plea agreement for one count of racketeering, but denies that as part of his plea he admitted to entering into or participating in any underlying conspiracy in May of 1993.  Mr. Arnaout denies the remaining allegations contained within Part IV of Exhibit 1.

e.  Mr. Arnaout's Application for Naturalization speaks for itself.  Mr. Arnaout denies the remaining allegations contained in Part V of Exhibit 1.

f.  Mr. Arnaout denies the conclusory statements contained in Part VI of Exhibit 1.

g.  Mr. Arnaout admits that he previously lived in Palos Hills, Illinois, and admits that he continues to reside in DuPage County.

3.  Mr. Arnaout admits and denies this Court's jurisdiction in part as follows:

a.  Mr. Arnaout admits that the United States is the plaintiff.

b.  Mr. Arnaout further admits that this Court has jurisdiction over those portions of Count I of the complaint, alleging illegal procurement of naturalization based on false testimony as to whether he had ever knowingly committed a crime for which he had not been arrested.

c.  Mr. Arnaout admits that this Court has jurisdiction over the allegations in Count II,  alleging that he procured naturalization when he was precluded from eligibility based on lack of good moral character due to conviction for an aggravated felony.

d.      Mr. Arnaout admits that this Court has jurisdiction over the allegations contained in Count III, alleging that he procured naturalization when he was precluded from establishing good moral character based on commissions of crimes of moral turpitude.

e.      Mr. Arnaout admits that this Court has jurisdiction over the allegations contained in Count V, alleging that he procured naturalization when he was precluded by the willful concealment of materials facts related to the alleged conspiracy to violate racketeering laws.

f.      Mr. Arnaout denies that this Court has jurisdiction over the allegations in Count I,  alleging that he was in ineligible for citizenship arising from the giving of  false testimony concerning his employment history and association with organizations.

g.      Mr. Arnaout denies that this Court has jurisdiction over the allegations in Count III., alleging that he was ineligible for citizenship due to crimes of moral turpitude in the form of false swearing and false statements (false testimony) in relationship to his answers concerning his employment history and association with organizations.

h.      Mr. Arnaout denies that this Court has jurisdiction over the allegations in Count IV, alleging that that he was in ineligible for citizenship due to affiliation with certain organizations.

i.      Mr. Arnaout denies that this Court has jurisdiction over the those portions of the allegations in Count V, arising from alleged willful concealment of his employment history; and whether he has ever been a member of or associated with any organizations in order to obtain an immigration benefit.

4.      Mr.  Arnaout admits he is a naturalized United States citizen, and that venue for this action lies in the Northern District of Illinois.

## II. <u>FACTUAL BACKGROUND</u>

### IMMIGRATION HISTORY

5.      Mr. Arnaout admits the statements contained in paragraph 5.

6.      Mr. Arnaout admits that both Mr. Arnaout and his spouse at the time, Nancy Noyes, petitioned the INS to remove conditions on his residence.  Defendant further admits that the INS approved this joint petition on May 7, 1992.

7.      Mr. Arnaout admits that Ms. Noyes filed a divorce petition in March 1993, which she then did not pursue for over eighteen months.

8.      Mr. Arnaout admits that he was served with the petition, was opposed to it, and that neither party pursued the divorce for well over a year.

9.      Mr. Arnaout admits that, after trying to resolve marital differences, he filed for divorce in Illinois on or about August 15, 1994, using a pre-printed form.

10.      Mr. Arnaout admits that the Florida court granted a divorce in or about August 30, 1994.

### NATURALIZATIN PROCEEDINGS

### Application for Naturalization

11.      Mr. Arnaout admits the statements contained in the first part of paragraph 11.

    11.a.      Mr. Arnaout admits the statements in paragraph 11.a.

    11.b.    Mr. Arnaout admits the statements contained in paragraph 11.b.

    11.c.    Mr. Arnaout  admits the statements contained in paragraph 11.c.

    11.d.    Mr. Arnaout admits the statements contained in paragraph 11.d

12.      Mr. Arnaout admits the statements contained in paragraph 12.

**Naturalization Interview**

13.     Mr. Arnaout is without sufficient knowledge to admit or deny the statements in paragraph 13 as follows:

13.a.     Without a transcript, Mr. Arnaout is without sufficient knowledge to admit or deny the statements contained in paragraph 13.a.  As to his Application for Naturalization, the document speaks for itself.

13.b.     Without a transcript, Mr. Arnaout is without sufficient knowledge to admit or deny the statements contained in paragraph 13.b.  As to his Application for Naturalization, the document speaks for itself.

13.c.     Without a transcript, Mr. Arnaout is without sufficient knowledge to admit or deny the statements contained in paragraph 13.c.  As to his Application for Naturalization, the document speaks for itself.

13.d.     Without a transcript, Mr. Arnaout is without sufficient knowledge to admit or deny the statements contained in paragraph 13.d.  As to his Application for Naturalization, the document speaks for itself.

13.e.     Without a transcript, Mr. Arnaout is without sufficient knowledge to admit or deny the statements contained in paragraph 13.e.  As to his Application for Naturalization, the document speaks for itself.

13.f.     Without a transcript, Mr. Arnaout is without sufficient knowledge to admit or deny the statements contained in paragraph 13.f.  As to his Application for Naturalization, the document speaks for itself.

14.     Mr. Arnaout is without sufficient knowledge to admit or deny the statements contained in paragraph 14.

15.     Mr. Arnaout is without knowledge to admit or deny the reasons for the actions of the INS.  Mr. Arnaout admits that his application for naturalization was approved on or about November 1, 1993.

16.     Mr. Arnaout admits that he completed a Form N-445.

17.     Defendant admits the statements contained in paragraph 17.

18.     Defendant admits the statements contained in paragraph 18.

19.     Defendant admits the statements contained in paragraph 19.

20.     Defendant admits the statements contained in paragraph 20.

21.     Defendant admits the statements contained in paragraph 21.

22.     Defendant is without knowledge to admit or deny the reasons for the actions of the INS.  Defendant admits that he took the oath of allegiance on or about March 10, 1994.

23.     Defendant denies the allegations and implications contained in paragraph 23.

24.     Defendant admits that he was served with a petition for dissolution of marriage, to which he was opposed, and that neither party took any action to pursue divorce for approximately eighteen months after he was first served.

25.     Defendant denies the allegations and implications contained in paragraph 25.

26.     Defendant admits that he filed a form petition for divorce on or about August 15, 1994.  Defendant denies any further implications of paragraph 26.

27.     Defendant denies the allegations and implications contained in paragraph 27.

28.     Defendant denies the allegations and implications contained in paragraph 28.

29.     Defendant admits that he was associated with an Illinois organization and/or entity called Benevolence International Foundation, Inc. ("BIF" of Illinois) commencing in or around

May 1993 until in or around May 2002. Defendant is without knowledge to admit or deny the remaining allegations and subparts of paragraph 29.

30. Defendant admits he was employed by B.I.F. and M.E.F. prior to his Application for Naturalization, and that he listed them on his Application for Naturalization. Defendant denies the remaining allegations and implications contained in paragraph 30.

## Membership and Organizations

31. Mr. Arnaout admits that he was an acquaintance of Usama bin Laden from 1986 until the beginning of 1989 and an acquaintance of Gulbuddin Hekmatyer. Mr. Arnaout denies that he provided direct support to various groups claiming to fight the Soviet Union in Afghanistan. Mr. Arnaout denies that he associated with either bin Laden and Hekmatyer within the meaning of 8 U.S.C. § 1101(e). Defendant further denies any remaining allegations and implications contained in paragraph 31.

32. Defendant denies the allegations and implications contained in paragraph 32.

## False Testimony

33. Defendant denies the allegations and implications contained in paragraph 33.

## Prior Crimes

34. Defendant denies the allegations and implications contained in paragraph 34.

34.a. Mr. Arnaout admits the factual recitation of indictments and procedural history contained in paragraph 34.a., but denies any remaining allegations or implications contained in paragraph 34.a.

34.b. Mr. Arnaout admits that he pled guilty to a single count of conspiracy to commit racketeering and corrupt organizations under 18 U.S.C. § 1692(d). Mr. Arnaout denies that

as part of this plea he admitted to entering into or participating in any underlying conspiracy in May of 1993, and denies any remaining allegations contained in paragraph 34.b.

34.c.     Mr. Arnaout admits the factual recitation of his sentencing as contained in paragraph 34.c.

35.     Mr. Arnaout denies the allegations and implications contained in paragraph 35.

36.     Mr. Arnaout denies the allegations and implications contained in paragraph 36.

## EMPLOYMENT AND AFFILIATION
## WITH THE BENEVOLENCE INTERNATIONAL FOUNDATION

37.     Mr. Arnaout admits that he was associated with an Illinois organization and/or entity called Benevolence International Foundation, Inc. ("BIF" of Illinois) commencing in or around May 1993 until in or around May 2002.  Mr. Arnaout denies the remaining allegations and implications contained in paragraph 37.

37.a.     Mr. Arnaout denies the allegations and implications contained in paragraph 37.a., except admits that he participated in the operations of BIF of Illinois from in or around May 1993 until in or around May 2002.

37.b.     Mr. Arnaout's plea agreement speaks for itself, and he denies any contrary statements or allegations contained in paragraph 37.b.

37.c.     Mr. Arnaout admits the statements in paragraph 37.c.

37.d.     Mr.  Arnaout admits that, during the time of his involvement with BIF, BIF received donations and was a charitable organization performing humanitarian work, and denies any contrary allegations or implications in paragraph 37.d.

37.e.     Mr.  Arnaout denies the allegations and implications contained in paragraph 37.e.

37.f.     Mr. Arnaout is without sufficient knowledge to admit or deny the contents of paragraph 37.f.

37.g.     Mr. Arnaout is without sufficient knowledge to admit or deny the contents of paragraph 37.g.

37.h.     Mr. Arnaout admits the Department of the Treasury designated BIF as financiers of terrorism under Executive Order 13224. Mr. Arnaout is without sufficient knowledge to admit or deny regarding whether Treasury designation noted evidence of his alleged relationship with bin Laden or his alleged work with other persons, including members of al-Qa'ida, to purchase weapons and or to distribute weapons to various Mujahedeen camps. Mr. Arnaout denies the facts of these allegations, and further denies any remaining allegations and implications of paragraph 37.h.

37.i.     Mr. Arnaout is without sufficient information to admit or deny the statements contained in paragraph 37.i., and denies the allegations and implications contained in paragraph 37.i. to the extent they relate to him personally.

37.j.     Mr. Arnaout admits the factual recitation contained in paragraph 37.j.

### III. THE RELEVANT LAW

38.     Mr. Arnaout denies that Plaintiff is entitled to the relief sought in paragraph 38, or that Plaintiff has accurately stated the relevant law as it applies to him.

### COUNT I

### ILLEGAL PROCUREMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (FALSE TESTIMONY)

39.     Mr. Arnaout reincorporates his admissions and denials to the allegations and implications contained in paragraphs 1 through 38.

40.     Mr.  Arnaout denies the allegations and implications contained in paragraph 40.

41.     Paragraph 41 does not require an admission or denial by Mr. Arnaout.

42.     Paragraph 42 does not require an admission or denial by Mr. Arnaout.

43.     Defendant admits that he was interviewed regarding his Application for Naturalization, and believes the interview was under oath.

44.     Defendant admits that he was interviewed regarding his Application for Naturalization, and believes the interview was under oath.

45.     Mr.  Arnaout denies the allegations and implications contained in paragraph 45.

46.     Mr.  Arnaout denies the allegations and implications contained in paragraph 46.

47.     Mr.  Arnaout denies the allegations and implications contained in paragraph 47.

## DEFENSES

### FIRST DEFENSE

That this Court is without Subject Matter Jurisdiction over portions of Count I, as set forth above.

### SECOND DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of its actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

### THIRD DEFENSE

That the Plaintiff is barred from asserting Count I., by virtue of *res judicata*, based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to a limited conspiracy to commit racketeering charges.

## COUNT II

### ILLEGAL PROCUREMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (CONVICTION OF AN AGGRAVATED FELONY)

48.    Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 47.

49.    Mr. Arnaout denies the allegations and implications contained in paragraph 49.

50.    Paragraph 50 does not require an admission or denial by Mr. Arnaout.

51.    Paragraph 51 does not require an admission or denial by Mr. Arnaout; Mr. Arnaout denies that Plaintiff has accurately stated the law as to "at any time" as contained in paragraph 51.

52.    Mr. Arnaout agrees with the recitation of the relevant timeline set forth in paragraph 52.

53.    Paragraph 53 is a statement of the law which does not require an admission or denial by Mr. Arnaout.

54.    Mr. Arnaout denies the allegations and implications contained in paragraph 54.

55.    Mr. Arnaout denies the allegations and implications contained in paragraph 55.

### DEFENSES

### FIRST DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of its actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

**OTHER DEFENSES**

Defendant Mr. Arnaout incorporates by reference, to the extent applicable, the defenses set forth previously in this Answer to Plaintiff's First Amended Complaint.

**COUNT III**

**ILLEGAL PROCURMENT OF NATURALIZATION**
**LACK OF GOOD MORAL CHARACTER**
**(CRIMES INVOLVING MORAL TURPITUDE)**

56.    Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 55.

57.    Mr. Arnaout denies the allegations and implications contained in paragraph 57.

58.    Paragraph 58 does not require an admission or denial by Mr. Arnaout.

59.    Paragraph 59 does not require an admission or denial by Mr. Arnaout.

60.    Mr. Arnaout denies the allegations and implications contained in paragraph 60 and all its subparts.

61.    Mr. Arnaout denies the allegations and implications contained in paragraph 61.

62.    Mr. Arnaout denies the allegations and implications contained in paragraph 62.

63.    Mr. Arnaout denies the allegations and implications contained in paragraph 63.

**DEFENSES**

**FIRST DEFENSE**

That this Court is without Subject Matter Jurisdiction over portions of Count III, as set forth above.

## SECOND DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of its actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

## THIRD DEFENSE

That the Plaintiff is barred from asserting Count III., by virtue of *res judicata*, based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to limited conspiracy to commit racketeering charges.

## OTHER DEFENSES

Defendant Mr. Arnaout incorporates by reference, to the extent applicable, the defenses set forth previously in this Answer to Plaintiff's First Amended Complaint.

## COUNT IV

### ILLEGAL PROCURMENT OF NATURALIZATION
### LACK OF GOOD MORAL CHARACTER
### (AFFILILATION WITH CERTAIN ORGANIZATIONS)

64.     Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 63.

65.     Paragraph 65, and its footnote, do not require admission or denial by Mr. Arnaout.

66.     Paragraph 66 does not require admission or denial by Mr. Arnaout.

67.     Mr. Arnaout denies the allegations and implications contained in paragraph 67.

68.     Mr. Arnaout denies the allegations and implications contained in paragraph 68.

69.     Mr. Arnaout denies the allegations and implications contained in paragraph 69.

70.     Mr. Arnaout denies the allegations and implications contained in paragraph 70.

## DEFENSES

### FIRST DEFENSE

That this Court is without Subject Matter Jurisdiction over portions of Count IV as set forth above.

### SECOND DEFENSE

That the Plaintiff fails to state a cause of action against Mr. Arnaout in which relief of any kind can be granted with respect to Count IV.

### THIRD DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of its actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

### FOURTH DEFENSE

That the Plaintiff is barred from asserting Count IV., by virtue of *res judicata*, based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to limited conspiracy to commit racketeering charges.

### OTHER DEFENSES

Defendant Mr. Arnaout incorporates by reference, to the extent applicable, the defenses set forth previously in this Answer to Plaintiff's First Amended Complaint.

## COUNT V

### PROCURMENT OF UNITED SATES CITIZENSHIP BY
### CONCEALMENT OF A MATERIAL FACT OR
### WILLFUL MISREPRESENTATION

71.     Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 70.

72.     Mr. Arnaout denies the allegations and implications contained in paragraph 72.

73.     Mr. Arnaout denies the allegations and implications contained in paragraph 73.

74.     Mr. Arnaout admits, upon information and belief, that his Application for Naturalization was filed on or about April 8, 1993.

75.     Mr. Arnaout admits, upon information and belief, that his interview with an INS officer took place on or about September 8, 1993.

76.     Mr. Arnaout denies the allegations and implications contained in paragraph 76.

77.     To the best of his recollection, Mr. Arnaout believes he signed his INS form N-400 at the conclusion of his interview with an INS officer.

78.     Mr. Arnaout denies the allegations and implications contained in paragraph 78.

79.     Mr. Arnaout denies the allegations and implications contained in paragraph 79.

80.     Mr. Arnaout denies the allegations and implications contained in paragraph 80.

81.     Mr. Arnaout denies the allegations and implications contained in paragraph 81.

82.     To the extent paragraph 82 merely recites the law, Mr. Arnaout is not required to admit or deny the statements contained therein.  Mr. Arnaout denies any and all remaining allegations and implications contained in paragraph 82.

### DEFENSES

### FIRST DEFENSE

That this Court is without Subject Matter Jurisdiction over portions of Count V.

## SECOND DEFENSE

That the Plaintiff is estopped from asserting this action by virtue of its actions in securing Mr. Arnaout's plea to the conspiracy to commit racketeering.

## THIRD DEFENSE

That the Plaintiff is barred from asserting Count V., by virtue of *res judicata*, based on the Plaintiff's dismissal of related counts against Mr. Arnaout, with prejudice, as part of its plea agreement, wherein Mr. Arnaout agreed to plead guilty to limited conspiracy to commit racketeering charges.

## OTHER DEFENSES

Defendant Mr. Arnaout incorporates by reference, to the extent applicable, the defenses set forth previously in this Answer to Plaintiff's First Amended Complaint.

## COUNT VI

## ILLEGAL PROCURMENT OF NATURALIZATION
## LACK OF MARITAL UNION WITH U.S. CITIZEN SPOUSE

83.     Mr. Arnaout reincorporates his admissions and denials to paragraphs 1 through 82.

84.     Mr. Arnaout denies the allegations and implications contained in paragraph 84.

85.     Paragraph 85 does not require an admission or denial by Mr. Arnaout.

86.     Paragraph 86 does not require an admission or denial by Mr. Arnaout.

87.     Paragraph 87 does not require an admission or denial by Mr. Arnaout.

88.     Mr. Arnaout denies the allegations and implications contained in paragraph 88.

89.     Mr. Arnaout denies the allegations and implications contained in paragraph 89.

90.     Mr. Arnaout denies the allegations and implications contained in paragraph 90.

91.     Mr. Arnaout denies the allegations and implications contained in paragraph 91.

92. Mr. Arnaout denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief.

WHEREFORE, Defendant Enaam Arnaout prays that this matter should be dismissed and that Plaintiff be ordered to pay the costs and attorney fees of Mr. Arnaout in this action.

DATED this 31st day of January, 2017.

/s/ Charles D. Swift
Charles D. Swift
Pro Hac Counsel for Enaam Arnaout
WA State Bar No. 41671
833 – E. Arapaho Rd., Suite 102
Richardson, TX  75081
Tel: (972) 914-2507
Fax: (972) 692-7454
cswift@clcma.org

Thomas Anthony Durkin
Counsel for Enaam Arnaout
ID No. 0697966
2446 N. Clark Street
Chicago, IL 60614
Tel:312-981-0123
Fax:312-913-9235
tdurkin@durkinroberts.com

Khalil J. Khalil
Counsel for Enaam Arnaout
ID No. 6281904
70 East Lake Street
Suite 1220
Chicago, IL 60601
T: 312-356-3200
F: 312-356-3222
Khalil@zktlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this foregoing Amended Answer was electronically filed and served on all counsel of record in this matter.

DATED this 31st day of January, 2017.

<div style="margin-left: 50%;">

/s/ Charles D. Swift
Charles D. Swift
*Pro Hac* Counsel for Enaam Arnaout

</div>